**Opinion filed March 7, 2019**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-19-00056-CR, 11-19-00057-CR, 11-19-00058-CR, & 11-19-00059-CR

_____

## DARRIN KEITH WILSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause Nos. 24636, 24574, 24575, & 24590**

## M E M O R A N D U M   O P I N I O N

Darrin Keith Wilson has filed untimely pro se notices of appeal from four judgments of conviction: two for the offense of driving while intoxicated and two for the offense of bail jumping and failure to appear. For each offense, punishment was assessed pursuant to the habitual-offender enhancement allegations at confinement for twenty-five years—to be served concurrently. We dismiss the appeals.

The documents on file in these appeals indicate that Appellant's sentences were imposed on June 25, 2018, and that his notices of appeal were filed in the district clerk's office on February 11, 2019. When the appeals were filed in this court, we notified Appellant by letter that the notices of appeal appeared to be untimely and that the appeals may be dismissed. We also noted that the trial court had certified that these were plea-bargain cases in which Appellant had no right of appeal. We requested that Appellant respond to our letter and show grounds to continue. Appellant has filed a response in which he states that he filed his notices of appeal as soon as he could, but he has not shown grounds upon which these appeals may continue.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notices of appeal were filed with the clerk of the trial court 231 days after the sentences were imposed. The notices of appeal were therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain these appeals. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Moreover, the trial court's certification reflects that these are plea-bargain cases and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, these appeals would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing

2

that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

These appeals are dismissed for want of jurisdiction.

PER CURIAM

March 7, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Stretcher, J., and Wright, S.C.J.[1]

Bailey, C.J., and Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.